UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS E. PEREZ, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> DAX DEALS, INC dba DAX DEALS, and <br> DAX YARBOROUGH, an individual; <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | FILE NO. <br><br> _____ <br><br><br><br><br><br> **C O M P L A I N T** <br> **(Injunctive Relief Sought)** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Dax Deals, Inc. dba Dax Deals, and Dax Yarborough, an individual, (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 7 and 11c of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant Dax's Deals, Inc. dba Dax Deals, at all times hereinafter mentioned, has been a North Carolina company having a place of business and doing business in Fayetteville, North Carolina.

Defendant Dax Yarborough is the owner of Dax's Deals, Inc. dba Dax Deals and is involved in the day-to-day operations. Defendant Dax Yarborough, doing business in Cumberland County, North Carolina, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid Dax's Deals, Inc. dba Dax Deals, in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

    A.    Defendants engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since May 25, 2013, Defendants violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants knowingly failed to compensate employees whose primary duties are to detail cars; which is comprised of vacuuming, washing, waxing and buffing.

V

Since May 25, 2013, Defendants, employers subject to the provisions of the Act, repeated violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

    A.    Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7 and 11c of the Act;

    B.    Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of two (2) years prior to the commencement of the action and an additional equal

amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof, and such other employees as may be later identified up to or during trial);

   C. And for such other and further relief as may be necessary and appropriate including costs of this action, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

   Respectfully submitted this 18th day of January, 2017.

| | |
|---|---|
| ADDRESS: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (404) 302-5462<br> (404) 302-5438 (FAX) | By: /s/Amy R. Walker<br>  AMY R. WALKER<br>  Senior Trial Attorney |
| Email: walker.amy@dol.gov<br>ATL.FEDCOURT@dol.gov | Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |
| SOL Case No. 16-00570 | |